UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SUSAN POOLE, | * | CIVIL ACTION NO _____ |
| | * | |
| PLAINTIFF | * | SECTION ___ |
| | * | |
| VS. | * | |
| | * | JUDGE _____ |
| HOUSING AUTHORITY OF THE | * | |
| TOWN OF VINTON and LORETTA | * | |
| DORSEY, EXECUTIVE DIRECTOR | * | MAGISTRATE JUDGE _____ |
| OF THE HOUSING AUTHORITY OF | * | |
| THE TOWN OF VINTON, | * | |
| | * | **JURY DEMAND** |
| DEFENDANTS | * | |

**COMPLAINT**

**I. Introduction**

1. This is an action for damages and declaratory and other equitable and legal relief based on the unlawful discrimination in housing on the basis of disability, and deprivation of property without due process of law, by the Housing Authority of the Town of Vinton, Louisiana and by Loretta Dorsey. Plaintiff seeks damages for the mental anguish she suffered when the Defendants refused her accommodations that she needed because of her disability, and instead threatened to evict her from her leased apartment, without complying with the United States Housing Act or affording her due process of law. Defendants have subsequently rescinded their eviction action and permitted her an accommodation for her disability; however, Plaintiff seeks damages caused by Defendants' earlier unlawful acts, and an injunction to prevent such unlawful actions in the future.

2. This action arises under the Fair Housing Act, 42 U.S.C. §§3604(f)(3)(B);

1

Title II of the Americans with Disabilities Act, 42 U.S.C. 12131 et seq. ("the ADA"); §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 (2003) (hereafter referred to as "§504"); the Fourteenth Amendment to the Constitution of the United States of America; Article 1, Section 2, of the Constitution of the State of Louisiana; and the United States Housing Act, 42 U.S.C. §1437 and the federal regulations promulgated thereunder at 24 C.F.R. §966. The Court has jurisdiction under 28 U.S.C. §1331 and 42 U.S.C. §3613(a)(1)(A).

## II. PARTIES

3. Plaintiff, Susan Poole, is a natural person of the age of majority and a citizen of the United States and of Louisiana. She is a resident of Vinton, Louisiana.

4. Plaintiff Susan Poole is a person with a "handicap," as that term is defined in the Fair Housing Act, 42 U.S.C. §3602(h); a "disability" as that term is used in §504 and the ADA; and a "handicap" as defined in regulations implementing §504, 24 C.F.R. §8.3.

5. Defendant, Housing Authority of the Town of Vinton, Louisiana (hereinafter referred to as VHA), is a public body, corporate and politic, subject to suit under a common name, operating as a governmental subdivision of Vinton, Louisiana, created under La. Rev. Stat. Ann. §40:391 of the laws of the State of Louisiana. VHA has the power to acquire, own and operate conventional public housing pursuant to the Housing and Community Development Act of 1974 and the federal regulations promulgated pursuant thereto. The customs, practices, and policies complained of herein were adopted by and are currently enforced by the VHA. Defendant VHA is sued in its official capacity as a person under 42 U.S.C. §1983 and under the provisions of La. Rev.

Stat. Ann. § 40:431.

6. Defendant VHA is a "person" as that term is used and defined in the Fair Housing Act, 42 U.S.C. §3602(d).

7. Defendant VHA is a recipient of federal financial assistance and is therefore an entity with capacity to be sued under §504.

8. Defendant VHA is a "public entity" and therefore subject to Title II of the ADA, 42 U.S.C. § 12131(1).

9. Defendant, Loretta Dorsey, is a natural person and a citizen of the United States and of the State of Louisiana, residing within the geographical area encompassed by the Federal Western District of Louisiana. Defendant Dorsey is sued individually and in her official capacity as the Executive Director of the VHA. As Executive Director, defendant Dorsey is responsible for the actions and practices of the defendants complained of herein.

### III. JURISDICTION AND VENUE

10. The jurisdiction of this action is predicated upon 28 U.S.C. §1343(a)(3) and (4) and upon 28 U.S.C. §1331.

11. Declaratory relief is sought pursuant to the provisions of 28 U.S.C. §§ 2201 and 2202.

12. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b)(2) because all of the events that give rise to this Complaint occurred in this district and the plaintiff and defendants are domiciliaries of this district.

## IV. FACTUAL ALLEGATIONS

**A. Plaintiff's Housing and Lease.**

13. VHA operates low-income housing projects providing conventional public housing to tenants who qualify on the basis of income. Plaintiff's apartment is within one of several public housing projects owned and operated by the VHA. It operates pursuant to and is governed by the Housing and Community Development Act of 1974 and the regulations promulgated thereunder, including 24 C.F.R. § 966 et seq.

14. Since March of 2012, plaintiff has had a lease with the VHA on the apartment located at [street address redacted], Vinton, Louisiana.

15. This lease was drafted and/or adopted by the VHA.

16. Since March of 2012, Plaintiff's lease has contained the following provisions relevant to this matter:

> 3. OCCUPANCY:
>
> A.   ABILITY TO LIVE INDEPENDENTLY:  If during the term of lease, the resident, for reasons of physical or mental impairment is no longer able to:
> 1. Maintain the apartment in a clean and safe living condition.
> 2. Care for his/her physical needs.
> 3. Not be disruptive, abusive, or otherwise interferes with the quiet enjoyment of other resident.
> 4. Cannot make or refuse arrangements for someone to aid him/her in maintaining the apartment in a clean and safe living condition, and caring for her/his physical needs.
>
> **Resident will be evicted by the Housing Authority if the resident cannot receive this service.**
>
> 5.   A. Resident agrees not to give overnight accommodations to long-term guests in excess of fourteen (14) days each calendar year or to guests who reside within **twenty-five miles** without the advance written approval of the Vinton Housing

4

>> Authority Management Office.
>
> B. Resident may have an overnight guest only one (1) night per month. Any requests for more than one (1) night per month must have written approval from the Vinton Housing Authority Management Office.
>
> . . .
>
> 17. TERMINATION OF LEASE
>
> A. In the event that VHA terminates this Lease, Resident shall be given a Notice of Termination as set forth below:
>
>> 1. Fourteen (14) days prior to the termination date in cases of failure to pay rent;
>> 2. Five (5) days prior to the termination date in cases of engaging in criminal activity including drug-related criminal activity. The VHA has a "one strike" or "zero tolerance" policy with respect to violations of lease terms regarding drug-related and other criminal activities;
>> 3. Thirty (30) days in all other cases;
>> ...
>> In 1 and 3 above, the Notice of Termination shall state, in addition to all other legal requirements, the reason(s) for the termination, the right of Resident to make a reply, the right of the Resident to a hearing in accordance with the VHA grievance procedures, and the right of Resident to examine documents directly relevant to the termination or eviction.
>
> . . .
>
> 19. ACCOMMODATION OF PERSONS WITH DISABILITIES:
> For all aspects of the lease and grievance procedures, a handicapped person shall be provided reasonable accommodations to the extent necessary to provide the handicapped person with an opportunity to use and occupy the dwelling unit equal to a non-handicapped person.
> VHA shall provide a notice to each Resident that the Resident may, at any time during the tenancy, request reasonable accommodation of a handicap of a household member, including reasonable accommodations so that the resident can meet lease requirements or other requirements of tenancy.

[*Emphasis in original.*]

**B. Plaintiff's Disabilities.**

17. For several years, Plaintiff has had severe osteoarthritis in both hips. The condition was more severe in her left hip. At all times relevant to this complaint, the

5

impairment significantly limited her ability to walk. Because of this disability, she walked with a cane since at least March of 2012, when she first began leasing to the VHA. Defendant Dorsey was aware of her mobility impairment.

18. Plaintiff is also has a psychiatric disability. She has been diagnosed with manic depression, social anxiety disorder, and post-traumatic stress disorder. She has been under the care of a psychiatrist at all times relevant to this action.

19. Over the course of Plaintiff's tenancy with VHA, her osteoarthritis became progressively worse, and by October 2013 she had to use a wheelchair for mobility.

20. In October 2013, plaintiff's osteoarthritis disabled her to such an extent that she was unable to care for her physical needs. She was unable to transfer herself to and from the toilet without assistance, nor could she enter or leave her bathtub without assistance. She was unable to maintain her apartment in clean condition without assistance.

21. Plaintiff understood the language in Section 3.A. of her lease (cited in ¶16, *supra*) to mean that if she were not able to live without assistance, she could not remain in her apartment.

22. Plaintiff was under medical care and attempting to arrange orthopedic surgery to replace her left hip during October, November, and December of 2013. She ultimately underwent hip replacement surgery on February 18, 2014.

C. Termination of Plaintiff's Lease.

23. As Plaintiff's condition worsened, she required help with many activities of daily living, such as bathing, toileting, and cleaning. Because she was unable to perform

these tasks on her own, her friend, Ken Bielecki, began staying with beginning in late October 2013. Mr. Bielecki stayed with Ms. Poole for the sole purpose of assisting her with activities of daily living that she was unable to do independently because of her disability.

24. On or about December 11, 2013, Plaintiff and Defendant Loretta Dorsey met in order to conduct Plaintiff's housing eligibility recertification. During this meeting, Ms. Dorsey informed Plaintiff that she was violating her lease by having her friend stay overnight in her apartment.

25. Plaintiff informed Ms. Dorsey that Mr. Bielecki stayed overnight in order to give her assistance she needed because of her osteoarthritis. She stated that she would need this assistance until she was able to obtain and recover from hip surgery, and asked that she be allowed this accommodation.

26. During the conversation on December 11, 2013, Ms. Dorsey expressed that she did not believe that plaintiff was confined to a wheelchair by her disability. However, Ms. Dorsey did not ask for plaintiff for documentation of her disability or other information in support of her request for her friend to be allowed to stay with her temporarily to provide assistance. Ms. Dorsey stated that she would ask the local Justice of the Peace, Danny Landry, to "investigate."

27. On December 11, 2013, plaintiff paid her rent for January 2014. She also completed paperwork necessary to be recertified as a tenant in public housing during 2014.

28. On December 12, 2013, Ms. Poole called Judge Landry, who was an acquaintance. She told him she had someone living with her temporarily to help her out because she had to have a hip replaced, and asked if there was anything she could do. Mr.

Landry suggested that she try to have Mr. Bielecki added to her lease. Plaintiff asked Judge Landry whether she should get a letter from her doctor explaining what was wrong with her hip, and he responded that she should.

29. Immediately after this conversation, plaintiff called Ms. Dorsey and asked if she could put Mr. Bielecki on the lease temporarily, or otherwise "make it right." Ms. Dorsey said she had to do a background check on him. Ms. Poole offered to give her any information she needed. She also offered to get a note from her doctor. Ms. Dorsey did not request information on Mr. Bielecki, and she refused to make inquiries of plaintiff's doctor. She told plaintiff she would make some phone calls about this and would call her the following Monday.

30. Plaintiff heard nothing further from defendants about this issue until December 31, 2013. On that day, the Ms. Dorsey and the VHA caused a notice to be placed on plaintiff's door. The notice, on the letterhead of and signed by the Justice of the Peace, Danny Landry, states:

> REASON TO SHOW CAUSE HEARING
>
> CASE: 13-1223-01 RTSC
>
> SUSAN POOLE
> [STREET ADDRESS REDACTED]
> VINTON, LA 70668
>
> The plaintiff, VHA, has petitioned the Court and has asked that a hearing be set in the above named Court to show cause why you, the lessee, should not be evicted from the above premises. The above named Court has granted this hearing and is scheduling this date for the 08th day of JANUARY, 2014. To be held at Ward 7 Recreation Center in Vinton, Louisiana, on Horridge Street at 7:30 P.M. (Above named defendant required to bring $100.00 with them to Court.)
>
> Reasons:

- VIOLATION OF CONTRACT
- NON PAYMENT OF RENT
- 

WITNESSED THIS 23 DAY OF DECEMBER. 2013
SIGNATURE OF JUDGE OF SAID IDENTIFIED COURT
       Judge:  /s/Danny Landry
         Danny Landry JP 10-07

  31.  This posted notice was the only written notice that was provided to plaintiff of the VHA's termination of her lease, or of her proposed eviction.

  32.  Defendants did not give plaintiff written notice of the proposed lease termination, stating the specific grounds for the proposed termination; the plaintiff's right to reply; her right to examine VHA documents directly relevant to the termination or eviction; or her right or entitlement to request a grievance hearing, as required by 42 U.S.C. §1437d(k) and 24 C.F.R. §§ 966.4(l)(3)(ii), (iv) and (v).

  33.  Under the provisions of 42 U.S.C. §1437d(k) and 24 C.F.R. § 966.51, the VHA's grievance procedure must apply to all individual grievances except those exempted by §966.51(a)(2). The exemption set forth in §966.51(a)(2) only applies to terminations or evictions involving certain types of criminal activity.

  34.  Under the provisions of 42 U.S.C. §1437d(k) and 24 C.F.R. § 966.4(l)(3)(iv), the VHA was not permitted to terminate plaintiff's tenancy until it had given plaintiff notice complying with §966.4(l)(3)(ii), the time for her to request a grievance hearing had expired, and, if she requested a grievance hearing timely, the grievance process was completed.

  35.  By failing to give plaintiff written notice of the proposed lease termination, Defendants additionally violated Paragraph 17 of the lease between the parties.

36. Defendants denied plaintiff the hearing to which she is entitled under 42 U.S.C. §1437d(k) and 24 C.F.R. §§966.4(l)(3)(iv), 966.4(n) and 966.50-966.57.

37. A hearing was held before Judge Danny Landry, Justice of the Peace, on January 8, 2014.

38. This hearing did not satisfy the basic requirements of due process because it Plaintiff was not provided with timely written notice detailing the reasons for the deprivation of her property right in her tenancy, and was not given the right to confront adverse witnesses.

39. Both Plaintiff and Defendant Dorsey were instructed that they would have to pay $25 for each witness who testified at the hearing. Loretta Dorsey was the only witness who testified for the VHA. According to Judge Landry, the VHA submitted written statements to him in support of the eviction, which he read to himself during the hearing, but Plaintiff was not given access to the statements, nor was she given an opportunity to confront or cross-examine the persons who wrote them.

40. Plaintiff submitted a note from her orthopedic surgeon, Dr. Robert Duarte, to Judge Landry at the hearing. The note, dated 1/6/14, was addressed to "Assistance" and stated "patient is now WB, surgery is pending. @ this time patient is unable to stand or walk. Any questions call our office 475-8234."

41. There were no allegations at the hearing that Plaintiff had not paid her rent. Plaintiff was up-to-date with her rent when she received the 12/31/13 notice, and VHA has never cited her for late payment or nonpayment of rent.

42. Plaintiff was given no written notice of what specific acts or failures to act

on her part constituted the "violation of contract" for which she was being evicted.  A number of allegations were made at the hearing, which she had no opportunity to prepare to refute.

43.     At the conclusion of the hearing, Judge Landry entered an order requiring Plaintiff to vacate her apartment by 5:00 p.m. on January 15, 2014. Plaintiff was also required to pay $100 in court costs.

44.     As a tenant in public housing, the plaintiff is a poor person, unable to afford other decent, safe and sanitary housing.  If she were to be evicted without adequate notice or opportunity to be heard, she would become homeless.

45.     As a direct result of defendants' actions in denying her a reasonable accommodation of having her friend stay with her to provide assistance with daily living tasks, and in obtaining an order of eviction without affording her due process and the protections to which she is entitled by her lease and by federal housing law, plaintiff suffered intense mental anguish and emotional distress.

46.     Plaintiff attempted suicide on the night of January 8, which was brought about by the defendants' wrongful actions. She was hospitalized from the morning of January 9 to January 17, 2014.

47.     A revised judgment, giving Plaintiff until 5:00 p.m. on January 31, 2014, to vacate her apartment, was entered by Judge Landry at the request of a social worker at the hospital where plaintiff was a patient.

48.     On January 26, 2014, plaintiff delivered a copy of Mr. Bielecki's drivers' license and Social Security card to defendants.

11

49. On January 29, 2014, defendant Dorsey entered into a written agreement with plaintiff, through the undersigned attorney, in which the Vinton Housing Authority agreed not to execute either the judgment of eviction or the revised judgment of eviction against plaintiff, and to meet with her counsel to attempt to resolve any issues between them. In order to obtain Defendants' agreement not to evict her, Plaintiff had to agree to do without assistance overnight.

50. On February 5, 2014, plaintiff, through counsel, sent defendant Dorsey another letter from Dr. Duarte, documenting her need for a live-in aide to assist her currently and during her recuperation from hip surgery. She requested to be notified immediately if further information was required in order to approve plaintiff's request that Mr. Bielecki be allowed to stay with her and assist her.

51. Ultimately, on February 10, 2014, Plaintiff was provided a "live-in aide form," which she provided to Mr. Bielecki to fill out. Mr. Bielecki completed the form that day, submitted it the following day, and was approved as a temporary live-in aide on February 13, 2014.

52. In seeking to evict Plaintiff, Defendant Dorsey failed to make reasonable accommodations in VHA's policies, to permit Plaintiff to have Mr. Bielecki stay with her and assist her, though such accommodations are necessary to afford Plaintiff an equal opportunity to use and enjoy her apartment.

53. Defendant Dorsey's failure, in her capacity as Executive Director of the VHA, to make reasonable accommodations in VHA's policies in Plaintiff's case was intentional.

54. Defendants VHA and Dorsey were notified of Ms. Poole's need for live-in assistance, as well as of her pain and suffering resulting from the failure to allow her such assistance, but continued to ignore her reasonable requests.

55. Defendants were able to comply with Plaintiff's requests for accommodations for her disabilities.

56. As a result of the practices of the defendants herein, plaintiff has suffered and will continue to suffer irreparable injury. As a current tenant of VHA housing, Plaintiff remains subject to Defendants' policies and practices with regard to discriminatory lease terms, reasonable accommodations, and the provision of due process prior to lease termination. Plaintiff has no adequate remedy at law for these violations of law.

57. A trial by jury is requested.

## IV. FIRST CAUSE OF ACTION-DUE PROCESS

58. The defendants' actions and practices complained of herein violate the plaintiffs' rights guaranteed by the Fourteenth Amendment to the Constitution of the United States of America and Article 1, Section 2, of the Constitution of the State of Louisiana as follows:

  A. Defendants purported to modify tenants' lease contracts relative to eviction procedures, without proper notice or opportunity to be heard.

  B. Adequate pre-termination notice was not afforded in that the defendants failed to notify plaintiff of pre-termination rights, including the right to a pre-termination hearing.

  C. Defendants attempted to evict plaintiff without giving adequate notice of the grounds therefor or affording due process.

  D. Defendants proceeded with plaintiffs' eviction without providing

       her with notice and an opportunity to review documents.

E.     Defendants proceeded with plaintiffs' eviction without providing an opportunity for pre-termination administrative hearing.

F.     Defendants evicted plaintiff without providing her with a hearing including elements of due process, including adequate notice of the grounds for terminating the tenancy and for eviction; opportunity to refute the evidence presented by the VHA; and the right to confront and cross-examine witnesses and to present any affirmative legal or equitable defense which she might have.

59.     Defendants are liable to plaintiff for their deprivations of her rights secured by the Fourteenth Amendment pursuant to 42 U.S.C. §1983.

## V. SECOND CAUSE OF ACTION – UNITED STATES HOUSING ACT

60.     The defendants' actions and practices complained of herein violate the plaintiff's rights guaranteed by the United States Housing Act, 42 U.S.C. § 1437 *et seq.*, including but not limited to 42 U.S.C. § 1437d(k)-(l) and the regulations promulgated thereunder at 24 C.F.R. Part 966, as follows:

A.     No adequate written notice of the proposed termination was provided to the tenant by defendants.

B.     42 U.S.C. §1437d(l)(4) and its implementing regulations provide that written notice of proposed termination must be served upon the tenant. The notice must advise the tenant of her right to reply. Said notice must afford the tenant fourteen (14) days in the case of non-payment and thirty (30) days in all other cases before the lease can be terminated and eviction proceedings commenced. Additionally, the tenant must be informed of his right to examine documents relevant to the eviction.

C.     42 U.S.C. §1437d(k) and its implementing regulations provide that a housing agency taking adverse action against a tenant, including lease termination, must provide the tenant with the opportunity for an informal grievance, prior to which the tenant is allow the opportunity to examine documents and regulations

        pertinent to the adverse action.

D.    The enumerated exceptions to these rules, involving a threat to public safety or drug-related criminal activity, do not apply here.

E.    The procedure employed by the defendants in plaintiff's lease termination and eviction did not afford the basic "elements of due process" as defined by the applicable federal statute and regulation.

F.    The lease between the parties does not contain many of those items mandated by 42 U.S.C. §1437d and the regulations promulgated thereunder at 24 C.F.R. §966.4 et seq.

61.    Defendants are liable to plaintiff for their deprivations of her rights under these laws pursuant to 42 U.S.C. §1983.

## VI. THIRD CAUSE OF ACTION--FAIR HOUSING ACT

62.    By failing and refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford Plaintiff an equal opportunity to use and enjoy her dwelling unit, Defendants VHA and Loretta Dorsey violated and continue to violate the Fair Housing Act, 42 U.S.C. 3604(f)(3)(B).

## VII. FOURTH CAUSE OF ACTION--ADA

63.    By failing and refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford Plaintiff an equal opportunity to use and enjoy her dwelling unit, Defendants VHA and Loretta Dorsey violated and continue to violate Title II of the ADA, 42 U.S.C. § 12132; 28 C.F.R. § 35.130 (b)(7).

## VII. FIFTH CAUSE OF ACTION--§504

64. By failing and refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford Plaintiff an equal opportunity to use and enjoy her dwelling unit, Defendants VHA and Loretta Dorsey violated and continue to violate §504 of the Rehabilitation Act of 1973 and the regulations adopted by the United States Department of Housing and Urban Development to implement §504.

65. In their conduct toward Plaintiff, set forth above, Defendants intentionally discriminated against Plaintiff on the basis of disability, in violation of §504.

## VIII.  DAMAGES

66. Plaintiff is entitled to recover punitive and compensatory damages in an amount to be ascertained at trial, for humiliation and embarrassment, mental anguish, emotional distress, physical and emotional pain and suffering, based on Defendants' violations of her federal statutory and constitutional rights.

## IX. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1) Declare that Defendants' actions violated Plaintiff's rights under federal law;

2) Enter preliminary and permanent injunctions against the defendants and their agents and employees and their successors:

   a) Prohibiting defendants from enforcing their custom, practice and policy of terminating or threatening to terminate plaintiff's lease without adequate due process safeguards and absent compliance with Federal law;

  b)  Requiring defendants to afford plaintiff the grievance procedures to which she is entitled by the terms of the lease, federal law and regulations;

  c)  Requiring Defendants to take appropriate affirmative steps to ensure that VHA, Loretta Dorsey, their agents, and their employees do not further engage in illegally discriminatory practices by taking such measures as modification of discriminatory lease language; establishment of an informal grievance protocol and notice thereof, which will provide tenants with due process; and establishment of a reasonable accommodations protocol.

3)  Award plaintiff appropriate compensatory and punitive damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs; and

4)  Award Plaintiff such other and further relief as to which she may be entitled.

Date: December 8, 2014

           Respectfully submitted:

           /s/Susan M. Meyers
           Susan M. Meyers
           Louisiana Bar No. 29346
           Advocacy Center
           8325 Oak Street
           New Orleans, Louisiana 70118
           (504) 522-2337, ext. 138
           Facsimile: (504) 522-5507
           smeyers@advocacyla.org

           Nell Hahn
           Louisiana Bar No. 22406
           Advocacy Center
           600 Jefferson, Suite 812
           Lafayette, Lousiana 70501
           (337) 237-7380, ext. 311
           Facsimile: (337) 237-0486
           nhahn@advocacyla.org